[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 2130
The parties intermarried on November 18, 1963 at Bridgeport, Connecticut. The plaintiff has resided continuously in this State since that time. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in Section 46b-81, 46b-82 of the Connecticut General Statute in reaching the decisions reflected in the orders that follow.
The parties were married in November 1963. In January 1982 the plaintiff left the marital home and the parties have lived separate and apart since that time approximately 12 years. At the time of the separation in January 1982, the parties had 3 minor children aged 17 years, 16 years and 14 years of age. Thereafter, the defendant went on State Aid and continued to receive State Assistance until the youngest child reached the age of 18 years.
The defendant wife is 49 years of age. She completed one year of high school. She has no skills. She has worked for the last few years as a cook. She presently earns a net of $389. per week, with no benefits. The defendant never worked outside the home prior to the separation in January 1982. The defendant was in counselling for approximately 6 years after the separation.
The plaintiff is 51 years of age. He has had three heart attacks since the parties separated. He has been employed for the past 10 years by the Pepsi Company. At the present time, the plaintiff is an Operation Manager and earns a net of $584.83 per week excluding his 401(k) contribution of $36.79 per week.
The plaintiff kept the defendant on his health insurance during the 12 year separation. He also paid the State of Connecticut $65. per week for approximately 6 1/2 years while the defendant and minor children were receiving State Aid. The plaintiff contributed some funds to the minor children during the separation and attempted to maintain a relationship with the two boys, both of whom have had substance abuse problems.
The plaintiff's pension plan started in 1983; his 401(k) plan was started in 1985. The plaintiff has a vested pension; he has a CT Page 2131 401(k) plan of $26,392.65 as of December 31, 1994.
The separation in January 1982 was the result of the plaintiff's infidelity. No useful purpose would be served by a review of the evidence presented in this matter. Unfortunately, the parties were unable to resolve their marital difficulties. The evidence presented indicates that the greater fault for the cause of the breakdown must be attributed to the plaintiff.
The following orders shall enter:
1. Alimony
The plaintiff shall pay to the defendant as alimony the sum of $65.00 per week commencing March 17, 1995, until the death of the plaintiff, the death of the defendant or the remarriage of the defendant.
2. Medical Coverage
The defendant shall be entitled to COBRA Benefits as are available through the plaintiff's employment for a period of three years. The plaintiff shall pay the cost of said COBRA coverage for the three years.
3. Property Settlement
The plaintiff shall forthwith transfer the sum of $7500. from his 401(k) Plan to an IRA for the benefit of the defendant.
4. Life Insurance
The plaintiff presently has a life insurance policy through his employment in the face amount of $60,000. The plaintiff shall name the defendant as irrevocable beneficiary on his present Life Insurance policy as is available through his place of employment, in the amount of $35,000. Said policy shall be maintained for as long as the plaintiff has said policy available through his employment and for so long as he has an obligation to pay alimony. This provision shall be modifiable.
5. Other property
Each party shall keep all of the assets as listed on their respective financial affidavit. CT Page 2132
6. Debts
Each party shall be responsible for the debts as listed on their respective financial affidavits.
7. Counsel Fees
Each party shall pay their respective counsel fees.
COPPETO, J.